IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TASHA FRANKLIN and others similarly situated<br>*Plaintiff*<br><br>v.<br><br>AFTER HOURS DENTISTRY PLLC<br>*Defendant* | § § § § § § § § § § § § § | CIVIL ACTION NO. |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Tasha Franklin, individually and on behalf of others similarly situated, brings this Complaint against Defendant After Hours Dentistry PLLC, and shows as follows:

**I. SUMMARY**

1. This is an overtime pay action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq* ("FLSA"). Defendant provides dental care, including after-hours urgent care and emergency care, for patients with dental care needs. And, at all times material to this action, Defendant did not pay an overtime premium when an hourly employee worked over 40 hours in a workweek.

2. Defendant employed Plaintiff Tasha Franklin an hourly-paid dental assistant from July 2020 to August 13, 2022. She is not a dentist or dental hygienist. During her employment, she regularly worked more than 40 hours per week. When she did, Defendant did not pay her mandatory overtime compensation of at least one and one-half times her regular rate of pay for hours worked over 40 in a workweek, as the FLSA requires.

3. No overtime exemption applies to the duties that Plaintiff performed for Defendant. Defendant's actions in not paying overtime for hours worked over 40 in a workweek were willful.

4. Plaintiff brings this action on behalf of herself and other similarly-situated hourly-paid employees to recover back wages, an equal amount of liquidated/double damages, interest, and costs.

## II. PARTIES

5. Plaintiff Tasha Franklin is an individual who resides in Dallas County, TX. She consents to be a party plaintiff in this action.

6. Defendant After Hours Dentistry PLLC is a domestic professional limited liability company with its principal office located at 3937 N US 75-Central Expy. 1000, Suite 200, Plano, TX 75023. According to the Texas Secretary of State, Defendant may be served with process by serving its registered agent, Jeffrey H. Ludlow, 2101 W. White St., Anna, Texas 75409.

## III. JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action because Plaintiff asserts a claim arising under federal law.

8. Venue is proper in this district because it the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, Plaintiff worked for Defendant in this district, and Defendant conduct business in this district.

## IV. COVERAGE

9. At all times material to this action, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff, and Defendant has been an employer

within the meaning of the FLSA, 29 U.S.C. § 203(d), in that Defendant acted directly or indirectly in the interest of an employer in relation to Plaintiff.

10. At all times material to this action, Defendant has constituted an enterprise within the meaning of Sections 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant performs or performed (either through unified operation or common control) related activities for a common business purpose.

11. At all times material to this action, Defendant has constituted an enterprise within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (inclusive of sales paid by customers by checks, cash, electronic payment, and other means).

12. During the limitations period governing this action, and upon information and belief, Defendant's annual gross revenues have exceeded $500,000 per year. This includes for 2020, 2021, and 2022. During the same period, Defendant has employed two or more employees engaged in commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including Plaintiff. Those goods or materials include, but are not limited to, computers, telephones, printers, scanners, dental implants, dental veneers, dental bonding, dental crowns, and dental supplies and consumables, which were made outside the state of Texas and used by Plaintiff and other employees during their employment by Defendant.

13. In addition or in the alternative, to the extent necessary, all times relevant to her employment by Defendant, Plaintiff has been an employee engaged in commerce or in the production of goods for commerce as defined by the FLSA. For example and by no means a limitation, during her employment by Defendant, Plaintiff handled or used equipment, materials, and supplies manufactured outside the state of Texas while she was employed within the state of Texas, including but not limited to, computers, telephones, printers, scanners, dental implants, dental veneers, dental bonding, dental crowns, and dental supplies and consumables. Also, while employed by Defendant in Texas, Plaintiff processed credit card payments with banking or financial institutions located outside the state of Texas.

## V. FACTUAL BACKGROUND[1]

14. After Hours Dentistry PLLC provides preventative dental care, restorative dentistry, sedation dentistry, orthodontics, and other related services, including urgent care and emergency care, for patients with dental care needs.

15. According to its website, Defendant offers its services to patients Monday through Friday from 6:00 PM to midnight. *See* https://www.afterhoursdentistry.com/dentist (last visited September 19, 2022). On weekends, Defendant offers services from noon to midnight. In addition, the office is open from 9:00 AM to midnights. *Id*.

16. Defendant employed Tasha Franklin from July 2020 to August 13, 2022.

---

[1] The averments contained in this Complaint are made upon information and belief. Wherever it is alleged that Defendant did any act or thing, it is alleged that Defendant did such act or thing by or through its principals, agents, employees, officers, managers, and/or affiliates, and that such act or thing was done within the scope of such person's employment and authority, and with the knowledge, participation, approval and ratification of Defendant and the persons and/or entities that control and operate Defendant.

17. Defendant employed Plaintiff as a dental assistant.

18. As a dental assistant for Defendant, Plaintiff's duties included answering calls, setting patient appointments, ordering supplies, data entry, checking patient insurance, accepting payments from patients, assisting in treatments, and cleaning instruments and treatment rooms.

19. At all times during her employment by Defendant, Defendant paid Plaintiff by the hour.

20. Defendant paid Plaintiff between $23.00 per hour and $25.00 per hour.

21. Plaintiff regularly worked more than 40 hours per week during her employment by Defendant.

22. For example, during the 2021 calendar year, Plaintiff worked more than 40 hours per week in all but about one or two of those workweeks. Plaintiff worked more than 2,600 hours for Defendant in 2021, including more than 530 hours of overtime hours.

23. During her employment with Defendant, when Plaintiff worked more than 40 hours in a workweek, Defendant did not pay Plaintiff an overtime premium of at least one and one-half times her regular rate of pay for all hours worked over 40 in a workweek.

24. For example and by no means a limitation, for the pay period beginning January 22, 2022, Plaintiff worked a total of 104.48 hours for Defendants. Defendant paid her $25.00 per hour for gross wages in the amount of $2,612.00. Defendant did not pay Plaintiff an overtime premium of one and one-half times her regular rate of pay for hours worked over 40 during either of the two 7-day workweeks covered by that pay period.

25. In fact, during her employment by Defendant, Defendant did not pay Plaintiff an overtime premium of one and one-half times her regular rate of pay *for any workweek*

*when she worked over 40 hours*.

26.     Plaintiff is not alone in being a victim of unlawful wage-and-hour practices.

27.     Defendant, upon information and belief, did not pay other hourly employees an overtime premium of one and one-half times their regular rate of pay when they too worked over 40 hours in a workweek in the preceding two-year and three-year period during Plaintiff's employment with Defendant or before.

28.     There is no overtime exemption or exception under the FLSA that exempts Plaintiff from the FLSA's mandatory overtime provisions.

29.     Plaintiff has not completed four academic years of pre-professional and professional study in an accredited college or university to make her eligible for the so-called "learned professional" overtime exemption.

30.     Plaintiff is not a dentist or a dental hygienist.

### VI.   CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT

31.     Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

32.     During the limitations period preceding this action, Defendant has violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing Plaintiff (and those who may join this action) in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating him/her for work in excess of 40 hours per week at a rate no less than one-and-one-half times the regular rate for which he/she was employed and/or for failing to pay minimum wages.

33. More specifically, during the limitations period covering Plaintiff's claim against Defendant:

    a. Plaintiff was an employee of Defendant;

    b. Defendant was an employer for FLSA purposes;

    c. Defendant was an enterprise engaged in commerce for purposes of the FLSA;

    d. Plaintiff was covered under the FLSA's individual coverage provisions;

    e. Defendant paid Plaintiff by the hour;

    f. Defendant was required to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over 40 in a seven-day workweek; and

    g. Defendant did not pay Plaintiff an overtime premium of one and one-half times her regular rate of pay for all hours worked over 40 in a seven-day workweek.

34. Defendant was aware of, or should have been aware of, its obligation to pay overtime compensation to hourly employees like Plaintiff.

35. Defendant acted willfully or with reckless disregard in failing to pay Plaintiff in accordance with the FLSA.

36. For instance, and by no means a limitation:

    a. Defendant's dental offices include one or more posters notifying individuals that employees must be paid "Overtime Pay: At least 1½ times the regular rate of pay for all hours worked over 40 in a workweek"; and

    b. On one or more occasions, employees of Defendant complained to management about not receiving an overtime premium for working over 40

hours in a workweek.

37. By not paying an overtime premium of at least one and one-half her regular rate of pay for all hours worked in week over 40 hours to Plaintiff, Defendant was able to realize greater profits from the work performed by Plaintiff.

## VII. COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

39. The term "Similarly Situated Individuals," as used herein, means all current and former hourly-paid persons (other than dentists and dental hygienists that have successfully completed four academic years of pre-professional and professional study in an accredited college or university) who have worked for Defendant over 40 hours in a workweek within the preceding three years without receiving overtime compensation.

40. Plaintiff and Similarly Situated Individuals perform or have performed the same or similar job responsibilities or, alternatively, such job duties are immaterial since they all were hourly paid and not exempt under any of the FLSA's mandatory overtime pay provisions. Plaintiff and Similarly Situated Individuals have been subject to the same or similar pay practices in that Defendant has paid them hourly and Defendant has not paid them at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek.

41. Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Similarly Situated Individuals.

42. Defendant, upon information and belief, did not perform an individualized

analysis before hiring Plaintiff to determine whether Plaintiff, in particular, should be classified as exempt for purposes of complying with the FLSA's mandatory overtime provisions and its regulations.

43. Likewise, Defendant, upon information and belief, did not perform an individualized analysis before hiring each Similarly Situated Individual to determine whether he/she should be classified as exempt for purposes of complying with the FLSA's mandatory overtime provisions and its regulations.

44. Plaintiff's experiences are typical of the experiences of the Similarly Situated Individuals while employed by Defendant.

45. Plaintiff and Similarly Situated Individuals, who join this action, are entitled to overtime compensation for hours worked in excess of 40 hours per week at a rate of one and one-half their regular rate of pay.

46. Aside from Plaintiff, in the preceding three years before the filing of his action, Defendants have employed other hourly-paid employees that Defendants did not pay an overtime premium to when these individuals worked over 40 hours in a workweek.

47. Unless Defendant agrees to the issuance of notice, Plaintiff intends to file a motion asking the Court to authorize her to notify Similarly Situated Individuals after the parties' Rule 26(f) conference so they too may decide whether to participate in this action.

## VIII. MISCELLANEOUS

48. All conditions precedent, if any, have occurred or been performed.

49. There is no agreement between Plaintiff, on the one hand, and Defendant, on the other hand, that requires this dispute to be submitted to arbitration.

50. Defendant understands and is expressly aware that federal law prohibits

retaliation against any person because he/she has filed a complaint or instituted any proceeding under the FLSA, or has testified or is about to testify in any such proceeding.

## IX. RELIEF SOUGHT

51. WHEREFORE, cause having been shown, Plaintiff Tasha Franklin prays for judgment against Defendant and all other responsible parties, jointly and severally, and seeks the following relief:

   a. For an Order, pursuant to Section 16(b) of the FLSA, finding Defendant liable for back wages due to Plaintiff (and Similarly Situated Individuals who may join this action), and for liquidated damages equal in amount to the back wages found due to Plaintiff (and Similarly Situated Individuals who may join this action); and

   b. For an Order awarding Plaintiff (and Similarly Situated Individuals who may join this action) the costs of this action; and

   c. For an Order awarding Plaintiff (and Similarly Situated Individuals who may join this action) reasonable attorneys' fees; and

   d. For an Order awarding Plaintiff (and Similarly Situated Individuals who may join this action) pre-judgment and post-judgment interest, as allowable, at the highest rates allowable by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Barry S. Hersh
_____

Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel. (214) 303-1022
Fax (214) 550-8170
[barry@hersh-law.com](mailto:barry@hersh-law.com)

ATTORNEY FOR PLAINTIFF